J-S44021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHAN W. BUTTERFIELD | |
| Appellant | No. 1959 WDA 2013 |

Appeal from the PCRA Order November 18, 2013
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000848-2008

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:               **FILED SEPTEMBER 09, 2014**

Jonathan Butterfield appeals from the order entered in the Court of Common Pleas of Crawford County dismissing his petition filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 ("PCRA").  Counsel for Butterfield has filed with this Court an **Anders**[1] brief and a petition to

---

[1] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **see also Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). The proper mechanisim for withdraw on appeal from the denial of a PCRA petition is a **Turner/Finley** no-merit letter.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).  However, because an **Anders** brief provides greater protection to a criminal appellant, we may accept an **Anders** brief in lieu of a **Turner/Finley** no-merit letter. **See Commonwealth v. Widgens**, 29 A3d 816, 817 n.2 (Pa. Super. 2011); **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa Super. 2004).

withdraw as counsel.  After our review, we affirm the PCRA court's order and grant counsel's petition to withdraw.

Following a negotiated plea, Butterfield was convicted of corruption of the morals of a minor.[2]  The charges arose out of Butterfield's sexual relationship with a minor during June and July of 2008.  The minor, S.K., was fifteen years old at the time of the crime.

On January 7, 2009, the court sentenced Butterfield to 24 months' probation.  Butterfield did not file post-sentence motions, nor did he file a direct appeal.  Butterfield violated the terms of his probation and, on July 29, 2011, the court resentenced him to a term of 2½ to 5 years' incarceration.  Butterfield did not file post-sentence motions, nor did he file a direct appeal.

On July 29, 2013, Butterfield filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended petition.  The PCRA court filed a notice of intent to dismiss, **see** Pa.R.Crim.P. 907, concluding that the petition was untimely and did not meet any of the three enumerated exceptions to the time requirement provided by 42 Pa.C.S. § 9545(b). Butterfield responded to the notice of intent to dismiss, and, thereafter, the PCRA court dismissed the petition without a hearing.  Butterfield filed an appeal, and the PCRA court issued an order pursuant to Pa.R.A.P. 1925(b),

_____

[2] 18 Pa.C.S. § 6301(a)(1).

requiring Butterfield to file a Concise Statement of Errors Complained of on Appeal. Butterfield complied with this order, and the PCRA court issued a Rule 1925(a) opinion.

On appeal, Butterfield raises the following claims:

1. The trial court erred by dismissing his amended PCRA petition without an evidentiary hearing because the "newly discovered evidence" was discovered on or about August 23, 2012;

2. The trial court erred by finding that appellant did not meet one of the exceptions pursuant to 42 Pa.C.S § 9545(b)(1)(i)-(iii) regarding his filing of his PCRA petition;

3. Whether an evidentiary hearing was necessary to elicit sworn testimony by Attorney Rowden, Attorney Pineo, and Appellant regarding those matters raised in the amended PCRA petition prepared by the undersigned, specifically, that the trial court needed to hear testimony regarding discussions he had with Attorney Rowden and Attorney Pineo concerning whether corruption of minors requires a predicate offense, and when these conversations occurred.

Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for those findings in the certified record. ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citing ***Commonwealth v. Smith***, 995 A.2d 1143, 1149 (Pa. 2010)). Because this is an appeal from a PCRA order, we will treat PCRA counsel's ***Anders*** brief as a ***Turner***/***Finley*** no-merit letter. ***See supra*** n.1.

First, we determine whether PCRA counsel has complied with the technical requirements of ***Turner***/***Finley***:

Counsel petitioning to withdraw from PCRA representation must proceeding under [*Turner*/*Finley* and] . . . must review the case zealously. *Turner*/*Finley* counsel must then submit a "nomerit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel. Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citations omitted). If counsel's petition and no-merit letter satisfy *Turner*/*Finley*, we then conduct an independent review of the merits of the case. If this Court agrees with counsel that the claims are meritless, we will permit counsel to withdraw and deny relief. *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citing *Commonwealth v. Mosteller*, 633 A.2d 615, 617 (Pa. Super. 1993)).

Here, Butterfield's counsel has complied with the technical requirements of *Turner*/*Finley*. In his brief, counsel sets forth the claims that Butterfield sought to raise before this Court. *Anders* Brief for Butterfield, at 11.[3] Counsel also sets forth the procedural and factual

_____

[3] We note that Butterfield's claims are set forth in the Argument section of the brief. *See Anders* Brief, at 11.

- 4 -

background of the case, and an explanation as to why the record does not support the claims raised by Butterfield in his PCRA petition. Specifically, counsel concludes Butterfield's petition is untimely on its face.

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Bretz*, 830 A.2d 1273 (Pa. Super. 2003); *Commonwealth v. Vega*, 754 A.2d 714 (Pa. Super. 2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, Butterfield did not file post-sentence motions or a direct appeal. Therefore, his judgment became final 30 days after July 29, 2011, on August 29, 2011. Butterfield had one year, until August 29, 2012, to file his petition. Since his petition was filed on July 29, 2013, it is untimely on its face.

Butterfield claims that the newly discovered evidence exception to the one-year time bar is applicable. *See* 42 Pa.C.S. § 9545(b)(1)(ii) (facts upon which claim is predicated were unknown to petitioner and could not have been ascertained by exercise of due diligence). Specifically, Butterfield states that he received a letter from plea and sentencing counsel, dated August 23, 2012, which sets forth "evidence" of a legal precept that a corruption of minors conviction requires a predicate offense. Not only is this an incorrect statement of law, *see Commonwealth v. Decker*, 698 A.2d

99, 100 (Pa. Super. 1997) (no requirement of any underlying criminal activity as basis for corruption of minors charge; statute states "by any act," not "by any criminal act"), but Butterfield's attempt to fall within the exception does not comply with the sixty-day requirement under 42 Pa.C.S. § 9545(b)(2). In order to meet that requirement, his petition should have been filed by October 22, 2012. Butterfield filed his petition on July 29, 2013, over nine months past that date. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); *Commonwealth v. Williamson*, 21 A.3d 236 (Pa. Super. 2011). Thus, counsel concluded that Butterfield was not eligible for PCRA relief.

We agree with counsel's assessment that Butterfield's claims are meritless. Furthermore, our independent review of the certified record has uncovered no additional meritorious issues. Thus, we affirm the PCRA court's order and we grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2014